■ ENOCH S. CHRISTOFFERSEN, Doing Business as CHRISTOFFERSEN POULTRY, EGG AND FEED MARKET, Appellant, v. FOOD PARADE, INC., Defendant and Third-Party Plaintiff-Respondent. PRIDE WHOLESALE MEAT & POULTRY CORP., Third-Party Defendant-Respondent.— In an action to recover damages for conversion, plaintiff appeals from an order of the Supreme Court, Queens County, entered October 9, 1964, which denied his motion for summary judgment against defendant, Food Parade, Inc. Order reversed, with $10 costs and disbursements; plaintiff's motion granted; an assessment of damages is herewith directed, following which judgment shall be entered in favor of plaintiff against defendant, with costs; and action accordingly severed from the third-party action and remitted to the court below. Plaintiff is a California turkey grower who contracted to ship a truckload of turkeys to a purchaser, Murray Packing Co., Inc., of New York. Pursuant thereto, plaintiff shipped 817 cartons of frozen turkeys bearing the label " Deluxe ". He consigned the turkeys to himself and sent the bill of lading, together with a sight draft on Murray, to a New York bank for collection. Without paying the draft and without obtaining the bill of lading, Murray caused the truck driver to bring the goods to its customer, Pride Wholesale Meat & Poultry Corp. (the third-party defendant), at the direction of which he delivered the cartons to Fort Greene Cold Storage Co., Inc. Pride, in turn, sold the turkeys to defendant, which obtained from the Fort Greene warehouse 817 cartons of turkeys bearing the label " Deluxe ". This was the only such shipment handled by said warehouse during the time in question. *Pride and defendant claim to have been ignorant of Murray's wrongdoing.* Upon this record there can be no question that defendant received plaintiff's turkeys. Under the pertinent statutory provisions as they existed at the time of the transaction (Personal Property Law, former § 101, subd. 2, and former § 226, subd. [b]), a seller could retain property in goods by shipping them to himself. Further, even if defendant, which claims to derive title through Murray, was unaware of Murray's failure to pay, defendant was chargeable with constructive notice that the title remained in plaintiff, as security (*Christoffersen* v. *Murray Packing Co.,* 24 A D 2d 587, affd. 17 N Y 2d 855). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ LORETTA DITTENHOEFER et al., Respondents, v. HELENE DE COURCY et al., Appellants.— In an action by two plaintiffs to recover damages for personal injuries sustained from alleged separate assaults by dogs owned by defendants, defendants appeal from an order of the Supreme Court, Suffolk County, entered March 7, 1966, which denied their motion for a severance of plaintiffs' respective causes of action and to direct the service of separate amended complaints. Order reversed, with one bill of $10 costs and disbursements, motion granted and each plaintiff is directed to serve her separate amended complaint within 20 days after entry of the order hereon. In our opinion, the denial of the motion was an improvident exercise of discretion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.